

2007 Decisions

Opinions of the United
States Court of Appeals
for the Third Circuit

12-3-2007

# USA v. Little

Precedential or Non-Precedential: Non-Precedential

Docket No. 06-3646

Follow this and additional works at: http://digitalcommons.law.villanova.edu/thirdcircuit_2007

Recommended Citation

"USA v. Little" (2007). *2007 Decisions*. Paper 145.
http://digitalcommons.law.villanova.edu/thirdcircuit_2007/145

This decision is brought to you for free and open access by the Opinions of the United States Court of Appeals for the Third Circuit at Villanova
University School of Law Digital Repository. It has been accepted for inclusion in 2007 Decisions by an authorized administrator of Villanova
University School of Law Digital Repository. For more information, please contact Benjamin.Carlson@law.villanova.edu.

NOT PRECEDENTIAL

UNITED STATES COURT OF APPEALS
FOR THE THIRD CIRCUIT
_____

No. 06-3646
_____

UNITED STATES OF AMERICA


vs.

LARRY LITTLE,
                    *Appellant*.

_____

On Appeal from the United States District Court
For the District of New Jersey
(Crim. No. 01-cr-00249)
District Judge: Honorable Dennis M. Cavanaugh
_____

Submitted on November 28, 2007
_____

Before: BARRY, FUENTES and GARTH, *Circuit Judges*
(Opinion Filed: December 3, 2007)


_____

**OPINION**
_____

GARTH, *Circuit Judge*:

Larry Little ("Little") appeals from the final judgment entered by the District Court

on July 26, 2006.  Little argues that the District Court's revocation of his supervised

release was unreasonable and therefore should be reversed. The Government initially responded that the applicable standard of review is whether the revocation was "plainly unreasonable." In a subsequent submission, however, the Government acknowledged that this issue was decided by another panel of this Circuit in *United States v. Bungar*, 478 F.3d 540 (3d Cir. 2007) (Barry, J.), while this appeal has been pending. *Bungar* held that the standard of review is "reasonableness." We are controlled by *Bungar* and find that the District Court was reasonable in imposing a 32-month sentence after revoking Little's supervised release.

## I.

In April 2002, Little pled guilty to a one-count indictment charging him with conspiracy to distribute narcotics in violation of 21 U.S.C. § 846 and was sentenced on February 3, 2003 to 55 months of imprisonment and 5 years of supervised release. This sentence was significantly below the 130-162 month range under the Sentencing Guidelines and the 60-month statutory mandatory minimum because the District Court granted the Government's motion for a downward departure pursuant to 18 U.S.C. § 3553(e) and Section 5K1.1 of the U.S. Sentencing Guidelines (for Little's cooperation with the Government). Little's period of supervised release began on July 6, 2005.

In December 2005, the U.S. Office of Probation filed a petition alleging that Little was in violation of his supervised release because he had been arrested the prior month by the Passaic Police Department for drug-related offenses and failed to report the arrest

to his probation officer within 72 hours of the arrest. In March 2006, Little was convicted in state court of third-degree possession of a controlled substance. On July 11, 2006, Little pled guilty in the U.S. District Court for the District of New Jersey to the first alleged violation of supervised release. As a result of his guilty plea, the second claim (failure to report) was dismissed. The range set by the Federal Sentencing Guidelines Manual (Chapter 7) was 30 to 37 months, but the statutory maximum was 36 months.

The District Court imposed a 32-month prison term and requested that Little seek and receive drug treatment. The District Court's judgment was entered on July 26, 2006. Having filed a timely appeal, Little argues that the 32-month sentence was unreasonable.

## II.

We have jurisdiction under 18 U.S.C. § 3742(a)(1), which provides appellate jurisdiction over sentences imposed in violation of law, and under 28 U.S.C. § 1291, which provides appellate jurisdiction from all final decisions of U.S. district courts. The District Court had subject matter jurisdiction pursuant to 18 U.S.C. § 3231, which confers jurisdiction over all offenses against federal law, and pursuant to 18 U.S.C. § 3583(e)(3), which authorizes revocations of supervised releases.

In reviewing revocations of sentences for reasonableness, we apply the factors set forth in 18 U.S.C. § 3553(a). *See United States v. Booker*, 543 U.S. 220, 261-62 (2005);

*Bungar*, 478 F.3d at 542. A sentence is reasonable if the record demonstrates that the sentencing court gave meaningful consideration to the Section 3553(a) factors. *See Bungar*, 478 F.3d at 543; *United States v. Cooper*, 437 F.3d 324, 329 (3d Cir. 2006). The party challenging the sentence bears the burden in establishing its unreasonableness. *See United States v. King*, 454 F.3d 187, 194 (3d Cir. 2006).

**III.**

Given that 18 U.S.C. § 3583(g)(1) requires a district court to revoke a defendant's supervised release if the defendant is found in possession of a controlled substance, the question in this case is whether the District Court was reasonable in imposing a 32-month prison term.

Little had obtained, upon the Government's motion, a substantial downward departure from the Sentencing Guidelines in his original sentence (55 months compared to the 130-162 month range). In addition, the Government argues that the District Court was required to revoke the sentence pursuant to 18 U.S.C. § 3583(g)(1) and had the discretion to impose a sentence up to the 3-year statutory maximum under 18 U.S.C. § 3583(e)(3). Finally, the Government argues that the District Court was reasonable in imposing some level of punishment for Little's violation of his supervised release.

We agree that the District Court was reasonable in its sentencing after it was statutorily required to revoke Little's supervised release. In its initial sentencing, the District Court showed leniency in imprisoning Little to only 55 months, while the

Sentencing Guidelines provided for a 130-162 month range and the statutory mandatory minimum was 60 months. The District Court was reasonable in choosing 32 months as the appropriate punishment from the applicable, though non-binding, Chapter 7 range of 30 to 37 months (statutorily capped at 36 months).

## IV.

For the foregoing reasons, we affirm the District Court's final judgment entered on July 26, 2006.